Robertson v. Daviess Gravel Road Company.

---

CASE 98—ACTION BY SARAH M. ROBERTSON AGAINST THE DAVIESS GRAVEL ROAD COMPANY FOR INJURY TO HER LAND BY CAUSING SURFACE WATER TO ACCUMULATE THEREON.—DEC. 2.

# Robertson v. Daviess Gravel Road Co.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

SURFACE WATER—RIGHTS OF DOMINANT OWNERS—ACQUISITION OF EASEMENT—EXTENT.

Held: 1. The right of the owner of property naturally draining on a road to have the surface water flow over the road extends no further than to burden the road with the natural flow of surface water, and does not entitle such owner to collect the water from his and other lands into a ditch, and discharge

it on the road at a certain point, and compel the proprietor of the road to there receive it and provide for its disposal.

2. In an action against the proprietor of a road for allowing a ditch which had carried off surface water from plaintiff's ditch to become filled up, a complaint stating that the county, prior to defendant's acquisition of the road, had kept the ditch clean, but which did not state that it had continued such custom for a sufficient length of time to constitute an easement, nor that defendant or the county had for any length of time suffered the water from plaintiff's ditch to run over the road, shows an easement, if at all, merely to use the ditch alongside defendant's road to receive the water from plaintiff's ditch, and not an easement to have the ditch kept open by defendant.

ELI H. BROWN, ATTORNEY FOR APPELLANT.

Appellant claims that she, having constructed a ditch through her land to the county road which drained her land through a ditch which had been constructed and maintained by Daviess county along said public road for more than fifteen years, that the appellant, Daviess Gravel Road Company had no right to fill up the ditch on the public road, and thereby prevent and obstruct the flow of the water from her land through her ditch into and through the ditch along the public highway which had been maintained by the county for more than fifteen years.,

AUTHORITIES CITED.

Kemper & Wife v. City of Louisville, 14 Bush, 89; Stith v. L. & N. R. R. Co., 22 R., 653.

SWEENEY, ELLIS & SWEENEY, FOR APPELLEE.

The following propositions are self-evident when viewed in the light of the plaintiff's original petition.

1. It is not averred that the grade of the public road complained of, was established within fifteen years before the institution of this action; the court will therefore conclude most strongly against the pleader, that it was established more than fifteen years before the institution of this suit, and if it was, plaintiff has not manifested a cause of action.

2. The allegation of the petition, that on account of the grade of the road the water thus artificially collected by appellant in her ditch was not permitted to flow over the road,

is not good, because it is not averred that she or her ancestors at any time ever enjoyed such right.

3. We insist that under the pleadings including the two amended petitions, if appellant was collecting the surface water upon her own land and that of her neighbor, and throwing it upon the lower proprietor, that lower proprietor had the right to dam it up and prevent its flow across its premises, though such premises may have been no more than a public highway.

### AUTHORITIES CITED.

Kemper v. City of Louisville, 14 Bush, 89; Keasey v. Louisville, 4 Dana, 554; 29 Am. & Eng. Ency., 1st ed., 325; Wolf v. Covington R. R. Co., 15 B. M., 408; Louisville Ry. Co. v. Round, 17 B. M., 777; Hahn v. Thornsberry, 7 Bush, 403; Gould on Waters, secs. 267, 268; Barkley v. Wilcox, 40 Am. Rep., 519; Grinstead v. Sanders, 22 Ky. Law Rep., 51.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant is the owner of a tract of land lying adjacent to appellee's gravel road near Owensboro. The land in that immediate neighborhood is low, and nearly level, but it lays so that its surface drainage is naturally toward the gravel road. More than 15 years before this suit her land and other lands lying back of it were drained by a ditch through her land, which emptied into another ditch running alongside the road. She alleges that before appellee acquired the road, and while it was operated as a public highway by Daviess county, the county kept the latter ditch open so as to accommodate the water drawn off by her ditch. Her complaint then continues: "Plaintiff states that defendant has reconstructed said road in front of her land, and has raised the roadbed to a higher grade than the grade which was maintained and existed while the same was in control of Daviess county as a public road, so as to render it impossible for the water falling on her and the Hathaway lands and flowing into her ditch above mentioned to drain over said road

as reconstructed by defendant, and so as to cut off all escape for the water thus accumulating in her said ditch, except as the defendant might have opened and kept open at all times a sufficient ditch running parallel with its said reconstructed road of sufficient width and depth to have carried off said water. This the defendant could have done. . . . That within the last five years the defendant has failed and refused to construct, keep, or maintain along or across its said road in front of her land any drainage sufficient to carry off and discharge the accumulations of water in her ditch above mentioned, which flows to and against defendant's said road, but, instead of doing this, as it was its duty to do, it wrongfully, unlawfully and against plaintiff's protest suffered and permitted such inadequate drainage as exists along its roadway to become filled up and so obstructed as to cause the water flowing in time of rains from her own and said Hathaway land to overflow her ditch above mentioned, and to back up so as to overflow her house, yard," etc. A demurrer was sustained to appellant's petition, and it was dismissed.

Although appellant was entitled to have the natural drainage of the surface water from her land and the lands lying back and above it to flow off and over appellee's land, as was held by this court in Stith v. L. &. N. R. R. Co., 109 Ky. 174; 22 R. 653; 58 S. W. 600, this right did not extend further than to burden the lower estate with the surface water of the upper as nature had done it. Appellant's contention is that she has the right to collect not only the surface water from her own land, but that from adjacent land which would otherwise flow over hers, into an artificial channel, and then to thereby carry it in its accumulated quantity and accelerated force and cast it all upon the lower land of appellee at one point, requiring appellee to there receive it, and to provide for its subsequent disposal so that it would not damage her property.

The only authority cited in support of the proposition is Stith's case, supra, which does not at all warrant the deduc‧ tion. This case is much nearer like Grinstead v. Sanders (22 R. 51) 56 S. W. 665, where the right was denied. But appellant claims that she had so maintained and used her ditch for 15 years, and that by such user she had acquired the right to so gather and precipitate all the surface water from her land at the point named. Though this be so, it does not follow that the owner of the lower estate was bound to keep open a ditch to receive the water, even if he had done so for a period.

The gravamen of the complaint is not that appellee has raised its roadbed, but that it has suffered a ditch alongside its road to fill up so that it will not accommodate the the flow from appellant's ditch in rainy seasons Although it is alleged that the county, prior to appellee's acquisition of the road, did keep the ditch clean, it is not charged that this was done for such length of time as would constitute an easement in favor of appellant's estate. Nor is it charged that appellee or the county had suffered the water from appellant's ditch to run over the road for any length of time. If any easement whatever has been acquired by appellant over appellee's property under the facts stated in her petition, it is merely to use the ditch alongside its road to receive the water from her ditch. If one acquires the right to use a passway over another's land, the owner of this right must repair the way, in the absence of contract to the contrary.

That which the owner of the dominant estate acquires is the right to use the servient estate for a designated purpose appurtenant to the dominant. The owner of the servient estate can not interfere with the enjoyment of the right. But this right applies only to the realty, and not to the personal service of the owner of the servient estate. If appellant has

acquired the right by prescription to use the ditch alongside appellee's road, to that extent, and as an appurtenant to her land, it is her ditch, and she may clean it when necessary for its proper enjoyment. It is not claimed that she has been denied this right.

Wherefore the judgment must be affirmed.